## SMITH v. FRATT et al.

### No. 18,274; September 29, 1894.

37 Pac. 1033.

**Preference by Insolvent—Suit to Set Aside.**—In an action by an assignee in insolvency to recover the value of property transferred by an insolvent debtor to defendants, findings that defendants neither knew nor believed, nor had reasonable cause to believe, that the debtor was insolvent, or made the deed in contemplation of insolvency, are sufficient to support a judgment for defendants.

APPEAL from Superior Court, Sacramento County; W. C. Van Fleet, Judge.

Action by S. B. Smith, assignee, against F. W. Fratt and George F. Parker, to recover the value of property conveyed to the defendants before the assignment. Judgment for defendants, and plaintiff appeals. Affirmed.

. D. E. Alexander, Albert M. Johnson and Johnson, Johnson & Johnson for appellant; Denson & Oatman, George A. Blanchard, L. S. Taylor and S. Solon Hall for respondents.

PER CURIAM.—In January, 1887, James S. Meredith was adjudged to be an insolvent debtor, on petition of his creditors; and thereafter S. B. Smith, the plaintiff herein, was duly elected and appointed assignee of his estate. Smith qualified as such assignee, and the clerk of the court, by an instrument in writing, assigned and conveyed to him all the estate, real and personal, of the debtor. Afterward Smith, as

such assignee, commenced this action to recover from the defendants the value of a stock of drugs and medicines alleged to have been sold and transferred to them by Meredith on December 9, 1886. The action was based upon the theory that, at the time of the transfer, Meredith was insolvent, and that it was made with a view on his part to give a preference to the defendants, who were then his creditors, and to prevent the property from coming to his assignee in insolvency, and being distributed ratably among his creditors, and that defendants, when they accepted the transfer, had reasonable cause to believe that he was insolvent, and that the transfer was made with a view to prevent his property from coming to his assignee in insolvency, and being distributed ratably among his creditors. The court found: That, at the time of the transfer, Meredith was indebted to Fratt, but not to Parker. That Meredith did not sell or deliver to Fratt the property described in the complaint, or any part thereof. That the transfer was made to Parker upon certain terms and conditions stated, and Meredith was at that time insolvent, and it was his desire to pay his debt due to Fratt in preference to other creditors, because it had been created in the purchase of this same stock of goods; "but neither Parker nor Fratt knew or believed that said Meredith was insolvent, nor did they or either of them believe, nor had either of them reasonable cause to believe, that Meredith entered into this agreement in contemplation of insolvency, or with the view of making Fratt a preferred creditor." "The defendant Parker did not purchase nor receive the transfer of said goods with the intention of giving or securing to Fratt any preference over other creditors of said Meredith, nor with intent to prevent said property from coming into the hands of the assignee of said Meredith, nor with intent to prevent the same from being distributed ratably among his creditors." Judgment was accordingly entered that the plaintiff take nothing by his action, from which, and from an order denying his motion for a new trial, the plaintiff appeals.

Three points are made for a reversal: (1) The insufficiency of the evidence to support the findings; (2) error of law in excluding certain testimony; (3) the insufficiency of the findings to support the judgment.

The first point relied upon cannot be sustained. The record shows that there was evidence sufficient to justify and support each of the findings assailed. Under the well-settled rules of this court, therefore, the judgment cannot be disturbed on this ground.

Only one error of law is complained of. When Meredith was being examined as a witness, he was asked by counsel for plaintiff, "Whom did you intend to benefit in making that transfer?" The question was objected to and excluded by the court on the ground that it called for an opinion of the witness and was incompetent. Now, conceding that the ruling was erroneous, still we fail to see how the plaintiff was or could have been in any way prejudiced by it. The evident purpose of the question was to prove by the witness that he intended to benefit Fratt by the transfer, and in effect the court found that this was his intention. If, therefore, the question had been answered, the plaintiff's case would not have been strengthened.

The third point does not require any extended notice. The action was brought to recover the value of property alleged to have been transferred in violation of the provisions of section 55 of the insolvent act. That section provides that a transfer is void, and an assignee may recover the value of the property, when the person receiving such transfer, or to be benefited thereby, has reasonable cause to believe that the person making it is insolvent, and that such transfer is made with a view to prevent his property from coming to his assignee in insolvency, or to prevent the same from being distributed ratably among his creditors. The findings here clearly negative the fact that either Fratt or Parker believed, or had reasonable cause to believe, that Meredith was insolvent when he made the transfer, or that it was made with a view to prevent the property from coming to his assignee, or being distributed ratably among his creditors. This being so, the findings were sufficient to show that the plaintiff had no cause of action, and to support the judgment. It follows that the judgment and order appealed from must be affirmed, and it is so ordered.